IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADAM JAMES STUGART,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CHAD WIEBERS, and OMAHA POLICE DEPARTMENT,<br><br>　　　　　　Defendants. | 8:25CV507<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Adam James Stugart's ("Plaintiff") Complaint, Filing No. 1, filed on August 20, 2025. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint when he was confined as a pretrial detainee in the Douglas County Department of Corrections ("DCDC"). Filing No. 1 at 2, 4. Plaintiff sues the Omaha Police Department ("OPD") and OPD Drug Task Force Officer Chad Wiebers ("Wiebers") under 42 U.S.C. § 1983 for Wiebers' alleged use of excessive force against Plaintiff. Liberally construed, Plaintiff alleges that, on the evening of December 18, 2024, in Omaha, Nebraska, Wiebers struck Plaintiff twice with a blunt object while Plaintiff was in handcuffs, "which resulted in a coma and 2 skull fractures." Id. at 5. Plaintiff "was in Bergan Mercy hospital" as a result of his injuries and is "having severe aftereffects which [he is] consistently going to the hospital for." Id. (spelling corrected). As relief, Plaintiff seeks $5 million in damages and "officer resignation." Id.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. ANALYSIS OF CLAIMS

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by

the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, OPD must be dismissed as a defendant, Plaintiff has alleged sufficient facts to proceed on his excessive force claim against Wiebers in his individual capacity, and the Court will require Plaintiff to update his address with the Court before this matter proceeds further.

**A. Claim Against OPD**

Plaintiff names OPD as a defendant in his Complaint, Filing No. 1 at 2, but his § 1983 claims cannot proceed against OPD because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law). OPD will be dismissed as a party to this action.

B.  **Claims Against Wieber**

Plaintiff did not mark either of the boxes on his form Complaint to indicate if Wiebers is sued in his individual or official capacity or both.  See Filing No. 1 at 2.  If a complaint does not clearly specify whether a defendant is sued in an official or individual capacity, the Court applies the "course of proceedings" test:  The fundamental question is whether the course of proceedings puts the defendant on notice that they are being sued in their individual capacity and that their personal liability is at stake.  S.A.A. v. Geisler, 127 F.4th 1133, 1139 (8th Cir. 2025).  The inquiry is whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly.  Id.

Here, Plaintiff's Complaint requests relief—Wiebers' resignation as an officer and damages in such an amount as to suggest they are punitive damages—that necessarily implicate Wieber in his individual capacity.  Because the complaint seeks relief not available from Wiebers in his official capacity, it suggests an intent to sue him in his individual capacity.  Cf. Id. at 1139-40 (considerations include whether relief not available from official capacity defendants).  Accordingly, the Court understands the Complaint to name Wiebers in both his official and individual capacities.

1. ***Official Capacity Claim***

Plaintiff's claim against Wiebers in his official capacity is actually a claim against his employing municipality, the City of Omaha.  Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); Rogers v. City of Little Rock, Ark., 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").  In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other

4

local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." Id. at 691. "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated [his] federal right." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam); Sanders v. City of Minneapolis, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." Id. (citing City of Canton v. Harris, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim alleged against the City of Omaha, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty., 901 F.2d 642, 645 (8th Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

Malone v. Hinman, 847 F.3d 949, 955 (8th Cir. 2017) (quoting Corwin, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision

is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's Complaint fails to allege that any actions were taken pursuant to a City of Omaha policy or custom, nor does the Complaint allege facts suggesting a failure to train on the part of the City. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Accordingly, Plaintiff's Complaint fails to state a claim against Wiebers in his official capacity and such claim will be dismissed.

### 2. Individual Capacity Claim

Plaintiff's remaining claim is an excessive force claim against Wiebers in his individual capacity. "An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment," *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted). To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized" within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on

the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id*. (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

"Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court may also consider the result of the force. *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

While the facts alleged are sparse, nothing in the Complaint suggests Plaintiff presented an immediate threat to the safety of Wiebers or others nor is there any indication Plaintiff was resisting or attempting to evade arrest before Wiebers exercised

7

force. Plaintiff alleges he was already placed in handcuffs when he was struck twice with a blunt object, resulting in two skull fractures. Liberally construing Plaintiff's allegations, the Court concludes Plaintiff has stated a Fourth Amendment excessive force claim against Wiebers in his individual capacity.

**C. Relief Requested**

Though Plaintiff has stated a claim against Wiebers, this Court lacks authority to terminate or force Wiebers to resign from his employment with OPD as Plaintiff requests. "Courts do not have authority to terminate the employment of individual Defendants." *Johnson v. MCF - St. Cloud*, No. CV 22-1299 (JRT/BRT), 2022 WL 17723807, at *6 (D. Minn. Nov. 10, 2022), *report and recommendation adopted sub nom. Johnson v. MCF-St. Cloud*, No. CV 22-1299 (JRT/LIB), 2022 WL 17721510 (D. Minn. Dec. 15, 2022) (citing *Kendrick v. Faust*, No. 1:07CV00025JMMBD, 2009 WL 1972249, at *2 (E.D. Ark. July 8, 2009) ("Finally, several of Plaintiff's requests, including the termination of certain Defendants' employment from the ADC, are matters to be decided by prison personnel, not the courts."); *Nicholas v. Heffner*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order . . . the termination of [the defendants'] employment."); *Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" as the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]")). Accordingly, Plaintiff is not entitled to the injunctive relief he seeks, and his potential relief is limited to his damages request.

**D. Address Update Required**

As indicated above, Plaintiff filed this action when he was in the DCDC's custody. According to the DCDC's online inmate records, Plaintiff is no longer confined at the institution. See https://corrections.dccorr.com/inmate-locator (last visited Dec. 31, 2025). Rather, Plaintiff is now in the Nebraska Department of Correctional Services' custody. See https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp?new=true (last visited Dec. 31, 2025). Plaintiff has an obligation to keep the Court informed of his current address at all times. See NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). As such, the Court will require Plaintiff to update his address within 30 days before this case may proceed or face dismissal of this action.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a § 1983 claim against OPD and Wiebers in his official capacity, and those claims will be dismissed without prejudice. For purposes of initial review, Plaintiff has alleged sufficient facts to state a Fourth Amendment excessive force claim against Wiebers in his individual capacity, and that claim may proceed to service of process. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Moreover, this matter will not proceed to service of process until Plaintiff updates his address with the Court.

IT IS THEREFORE ORDERED that:

1. For purposes of initial review only, Plaintiff has stated a plausible Fourth Amendment excessive force claim against Chad Wiebers in his individual capacity.

2. Plaintiff's claims against the Omaha Police Department and Wiebers in his official capacity and for injunctive relief in the form of Wiebers' resignation are dismissed without prejudice.

3. Before this matter may proceed, Plaintiff must update his address with the Court within 30 days. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

4. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 2, 2026**: check for address.

5. The Clerk of the Court is directed to send a copy of this Memorandum and Order to Plaintiff at the address on file and to the following address:

Adam J. Stugart
#221232
Community Corrections Center – Omaha
2320 Avenue J
Omaha, NE 68110.

Dated this 2nd day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge